UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VINCENT W. BOYD,

    Petitioner,

    v.     CAUSE NO.: 3:19-CV-253-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Vincent W. Boyd, a prisoner without a lawyer, filed an amended habeas petition to challenge his conviction for burglary from the Marion Circuit Court under Case No. 49G02-1602-F4-5247.[1] Following a guilty plea, he was sentenced in May 2018 as a habitual offender to seven years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Boyd argues that he is entitled to habeas relief because his sentence was enhanced as a result of his conviction for possession of a firearm by a serious violent felon in June 2009 and that this enhanced sentence violated his right to be free from double jeopardy. Mr. Boyd further argues that the June 2009 conviction also violated his rights under the Double Jeopardy Clause because he

---

[1] Mr. Boyd filed a motion to amend the habeas petition. ECF 7. This motion doesn't comply with N.D. Ind. L.R. 15-1, for the sake of efficiency, but the court will construe this motion and his other filings (ECF 1, ECF 4, ECF 8) as an amended petition for purposes of assessing Mr. Boyd's habeas claims in this order.

pleaded guilty to the firearm possession charge shortly after the prosecution dismissed it. Mr. Boyd has served the sentence for the June 2009 conviction, so the court must ascertain "the extent to which the prior expired conviction itself may be subject to challenge in the attack upon the current sentence which it was used to enhance." See Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001). On this issue, the Supreme Court of the United States has held as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-404. Consequently, Mr. Boyd may not challenge the prior conviction in this habeas case,[2] and the court will consider only whether the sentence enhancement for the burglary conviction in May 2018 violates Mr. Boyd's rights under the Double Jeopardy Clause.

"The constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." Serfass v. United States, 420 U.S. 377, 387 (1975). "The Fifth Amendment's Double Jeopardy Clause protects individuals against three types of violations: prosecuting a defendant again for

---

[2] Nevertheless, in a guilty plea case, jeopardy attaches only when the trial court accepts the guilty plea. U. S. ex rel. Stevens v. Circuit Court of Milwaukee Cty., Wis., Branch VIII, 675 F.2d 946, 948 (7th Cir. 1982).

2

the same conduct after an acquittal; prosecuting a defendant for the same crime after conviction; and subjecting a defendant to multiple punishments for the same crime." Garrity v. Fiedler, 41 F.3d 1150, 1151–52 (7th Cir. 1994). Our court of appeals has expressly considered whether Indiana's habitual offender statute violates the Double Jeopardy Clause:

> This court agrees that Indiana's habitual offender statute, Ind. Code Ann. § 35-50-2-8, does not create a separate crime. Rather, the statute authorizes the enhancement of a convicted felon's sentence for an underlying felony, if the convict has accumulated at least two prior unrelated felony convictions. The Supreme Court consistently has acknowledged this function of recidivist statutes. As the Court aptly noted in Gryger v. Burke, 334 U.S. 728, 732 (1948):
>
>> The sentence as an habitual criminal is not to be viewed as a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is to be considered an aggravated offense because [it is] a repetitive one.
>
> Thus, an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his most recent felonious offense.

Baker v. Duckworth, 752 F.2d 302, 304 (7th Cir. 1985). So Mr. Boyd's enhanced sentence as a habitual offender isn't an additional penalty for his June 2009 conviction for unlawful possession of a firearm, but is instead a penalty for Mr. Boyd's most recent crime and his repeated disregard for the law. His claim that the enhanced sentence violates the Double Jeopardy Clause is not a basis for habeas relief.

Under Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under

3

28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Boyd to proceed further.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DENIES Vincent W. Boyd a certificate of appealability pursuant to Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on May 1, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT